David H. Krieger, Esq.
Bar No. 9086
HAINES & KRIEGER, L.L.C.
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554 Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Thomas Misday,<br>   Plaintiff,<br> v.<br><br>ALLIED COLLECTION SERVICE, INC., OCWEN LOAN SERVICING, LLC, WELLS FARGO FINANCIAL NATIONAL BANK, EXPERIAN INFORMATION SOLUTIONS, INC.,<br>   Defendant(s) | Civil Action No.:  15-cv-01890-RFB-PAL (Consolidated with 2:15-cv-01894-GMN-VCF; 2:15-cv-01907-JAD-NJK; 2:15-cv-02018-RFB-PAL)<br><br>**MOTION TO AMEND COMPLAINT** |
| Thomas Misday,<br>   Plaintiff,<br> v.<br><br>NEVADA CREDICO INC. D/B/A QUANTUM COLLECTIONS, ALLIED COLLECTION SERVICE, INC., ASSET RESOURCES, INC., BMW FINANCIAL SERVICES, NATIONSTAR MORTGAGE, LLC, OCWEN LOAN SERVICING, LLC, WELLS FARGO BANK, NATIONAL ASSOCIATION, EQUIFAX INFORMATION SERVICES, LLC,<br><br>   Defendant(s). | |
| Barbara C. Misday,<br>   Plaintiff,<br> v. | |

|  |  |
|---|---|
| BMW FINANCIAL SERVICES, OCWEN LOAN SERVICING, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., <br><br>                    Defendant(s). <br><br> Barbara C. Misday, <br><br>                    Plaintiff, <br><br>        vs. <br><br> ALLIED COLLECTION SERVICE, INC., OCWEN LOAN SERVICING, LLC, NATIONSTAR MORTGAGE, LLC, EQUIFAX INFORMATION SERVICES, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiffs Thomas Misday ("Mr. Misday") and Barbara Misday ("Ms. Misday") (collectively "Plaintiffs"), through counsel, come before this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to file a First Amended Complaint ("FAC"), a copy of which is attached hereto as **Exhibit A**. This motion is made and based upon the Memorandum of Points and Authorities filed concurrently herewith.

### **INTRODUCTION**

Plaintiffs seek leave from this Court to file the proposed FAC, attached hereto as **Exhibit A**. The amended complaint does not add additional claims against the Defendants, but rather more clearly presents the factual basis supporting the Plaintiffs' Fair Credit Reporting Act claims. Filing the FAC will not cause undue prejudice to the named defendants but will actually benefit the defendants by further clarifying the factual inaccuracies reported on Plaintiffs' credit

-2-

reports as well as presenting a singular complaint to respond to, since these four matters were recently consolidated.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 1, 2015, Mr. Misday filed a complaint in this Court, Case No. 15-cv-01890, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. ("FCRA") against Defendants Allied Collection Service, Inc. ("Allied"), Ocwen Loan Servicing, LLC ("Ocwen"), Wells Fargo Financial National Bank ("Wells Fargo Financial") and Experian Information Solutions, Inc. ("Experian") resulting from credit reporting violations in his *Experian* credit reports. *See* Doc No. 3. On October 27, 2015, Defendant Experian filed its Answer. *See* Doc. No. 8. On November 25, 2015, Allied filed its answer. *See* Doc. No. 20. The Court entered a discovery plan and scheduling order on November 16, 2015. *See* Doc No. 14. A Notice of Settlement was reached with Allied on December 15, 2015. *See* Doc. No. 24. On January 8, 2016, Wells Fargo Financial filed a Motion to Dismiss (MTD) the complaint, which is currently pending before the Court and Plaintiff's response to the MTD is due on or by January 225, 2016. *See* Doc. No. 35. The remaining Defendants in this matter are Experian, Wells Fargo Bank and Ocwen.

On October 2, 2015, Mr. Misday filed his second complaint based on violations in his *Equifax* credit reports (Case No. 15-cv-01894), alleging FCRA violations against Defendants Nevada Credico Inc. d/b/a Quantum Collections ("Quantum"), Allied, Asset Resources, Inc. ("Asset"), BMW Financial Services ("BMW"), Nationstar Mortgage, LLC ("Nationstar"), Ocwen Loan Servicing, LLC ("Ocwen"), Wells Fargo Bank, National Association ("Wells Fargo Bank") and Equifax Information Services, LLC ("Equifax"). *See* Doc. No. 1. On November 10, 2015, Equifax filed its answer. *See* Doc. No. 15. Further, on November 25, 2015, Allied and Quantum filed their answer. *See* Doc. No. 24. A settlement was reached with Equifax, Allied and

Quantum on 12/15/15. *See* Doc Nos. 26-28. The remaining defendants in this matter are Wells Fargo Bank, Ocwen, Asset, BMW and Nationstar.

On October 5, 2015, Ms. Misday filed a complaint with this Court, Case No. 15-cv-01907, against Defendants Allied, Ocwen, Nationstar and Equifax. *See* Doc. No. 1 resulting from alleged credit reporting violations in her *Equifax* credit reports. Allied and Nationstar were voluntarily dismissed from the action. *See* Doc Nos. 10, 20. On November 12, 2015, Equifax filed an answer. *See* Doc No. 11. On December 15, 2015, a settlement was reached with Equifax. *See* Doc. No. 17. On December 23, 2015, Ocwen filed its answer. *See* Doc No. 19.

On October 19, 2015, Ms. Misday filed a complaint in this Court, Case No. 15-cv-02018, against Defendants BMW, Ocwen, and Experian regarding credit reporting violations in her *Experian* credit reports. *See* Doc. No. 1. On November 28, 2015, BMW filed its answer. *See* Doc No. 15. The remaining defendants are BMW, Ocwen and Experian.

On December 23, 2015, Ocwen filed a motion to consolidate all four above matters. *See* Case No. 15-cv-01890, Doc No. 28.  On January 7, 2016, the court entered an order consolidating the 15-cv-01894-GMN-VCF, 15-cv-01907-JAD-NJK, 15-cv-02018-RFB-PAL matters under the 15-cv-01890-RFB-PAL matter. *See* Case No. 15-cv-01890, Doc No. 33.  In light of the consolidation, Plaintiffs seek leave to amend the complaints in order to file a single complaint in the presiding matter and provide additional clarification of the underlying facts and legal arguments.

## **ARGUMENT**

The Federal Rules of Civil Procedure allows a party to amend its pleading in two different circumstances.  First, a party may amend its pleading as a matter of course within 21 days after the pleading sought to be amended is filed or if the pleading is one to which a response pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). When this is not available, "a party may amend its pleadings only with opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Generally, leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate. *E.g., United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F. 3d. 1048, 1052 (9th Cir. 2001) (Weighing bad faith, undue delay, prejudice and futility). It may be denied where it creates an element of undue surprise or prejudice to the opposing party. *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F. 3d. 1048, 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better pleaded claim. *See Popp Telcom, Inc. v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a non-moving party"). Where a deficiency could be cured by an amendment, leave to amend should be granted. *See Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000)(leave to amend should be granted even if not requested). The party opposing leave to amend bears the burden of showing prejudice. *Id*. at 187.

In light of the Court's order entered to consolidate all four matters as well as Wells Fargo's pending MTD, Plaintiffs seek leave to amend the complaints with the proposed FAC, attached hereto as **Exhibit A**.

First, the FAC will not prejudice the defendants because the FAC does not include additional claims against the defendants. But rather, the FAC clarifies the Plaintiffs existing claims. Thus, the FAC would not materially or adversely change any position the defendants have taken this far.

Next, the FAC is not made in bad faith. "To oppose a motion for leave to amend on the grounds of bad faith, a party must show "sharp practice" tactics such as, for example, seeking to add a defendant merely for destroying diversity jurisdiction." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). The purpose of this motion for leave to amend the complaint is wholly proper, considering the courts order to consolidate all four matters and as it seeks to clarify Plaintiffs' positions after Wells Fargo Financial filed a motion to dismiss. Thus, leave to amend is not made in bad faith.

Further, the FAC would not be futile. A proposed amendment is futile only if it does not raise a colorable claim. *DCD Program*, 833 F.2d at 188. This proposed amendment is not futile because it seeks only to better plead the factual allegations regarding the FCRA claims. Plaintiffs' proposed FAC is, therefore, not futile.

Finally, the FAC would not cause undue delay. "Mere delay in seeking leave to amend is generally insufficient to deny a motion to amend." *Sierra Club v. Union Oil Co. of California*, 813 F.2d 1480, 1493 (9th Cir. 1987). Plaintiffs have not unreasonably caused delay in requesting leave to amend the Complaints. Rather, allowing Plaintiffs to amend the complaints and file a single FAC will promote judicial efficiency and cost effectiveness given that the consolidation has made it unwieldly to manage four separate complaints with different underlying facts. This Court should, therefore, grant Plaintiff's motion for leave to amend the Complaint to more clearly set forth the Plaintiffs' claims.

The Plaintiffs' further request that their response to Wells Fargo's pending MTD currently due by January 25, 2016 be stayed pending the resolution of this Motion. In the event, the Court denies the instant Motion the Plaintiff requests that the Court permit the Plaintiff seven (7) days from the Court's order on this motion to file a response to Wells Fargo's pending MTD.

…

## **CONCLUSION**

This Court should grant Plaintiffs' leave to amend the complaints in order to file the FAC. Defendants will suffer little if any prejudice from allowing Plaintiffs to amend the complaints. Therefore, Plaintiffs respectfully request the Court grant Plaintiffs' Motion for Leave to Amend the Complaint. The Plaintiffs further request that their response to Wells Fargo's pending MTD be stayed until this motion is ruled upon.

DATED January 21, 2016.

HAINES & KRIEGER, L.L.C.

By: /s/ David H. Krieger, Esq.
David H. Krieger, Esq.
Nevada Bar No. 9086

ORDER                          *Attorney for Plaintiffs*

The Court has reviewed [38] Motion to Amend Complaint. No party filed a response or opposition, and the deadline to do so has passed.

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Leave to amend pleadings is to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In addition, the Court has reviewed Plaintiffs' motion and does not find any evidence of undue delay, bad faith, futility, or prejudice to Defendants.

Therefore, IT IS ORDERED that [38] Motion to Amend Complaint is GRANTED. Plaintiffs shall have until March 29, 2016 to file and serve the First Amended Complaint, which shall be the operative complaint for all four cases that have been consolidated before this Court: no. 2:15-cv-1890-RFB-PAL, no. 2:15-cv-1894-RFB-PAL, no. 2:15-cv-1907-RFB-PAL, and no. 2:15-cv-2018-RFB-PAL.

IT IS FURTHER ORDERED that [35] Motion to Dismiss is DENIED WITHOUT PREJUDICE in light of the new operative Complaint that will be filed in this case.

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 15th day of March, 2016.

## CERTIFICATE OF MAILING AND FACSIMILE

I hereby certify that on January 21, 2016, I served a true and correct copy of Plaintiffs' Motion to Amend Complaint with Exhibit A upon the parties to this action via electronic service to the following persons through the Court's cm/ecf system:

Andrea M. Champion, Esq.
Patrick J. Reilly, Esq.
HOLLAND AND HART, LLP
*Attorneys for Allied Collection Service and Nevada Credico Inc.*

Dana Jonathon Nitz, Esq.
WRIGHT, FINLAY & ZAK, LLP
*Attorneys for Ocwen Loan Servicing, LLC*

Jennifer L. Braster, Esq.
MAUPIN NAYLOR BRASTER
*Attorneys for Experian Information Solutions, Inc.*

Bradley T Austin, Esq.
Snell & Wilmer LLP
*Attorneys for Equifax Information Services, LLC*

Jeffrey Willis, Esq.
Tanya N. Peters, Esq.
SNELL & WILMER L.L.P.
jwillis@swlaw.com
tpeters@swlaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

By: /s/ David H. Krieger
David H. Krieger